ON MOTION TO DISMISS APPEAL

J2SCHOTT, Chief Judge.
This is before the court on a motion by appellee, Zsa Zsa Dunjee, to dismiss the suspensive appeals taken jointly by Louisiana Patient’s Compensation Fund and Louisiana Patient’s Compensation Oversight Board. Appellee also moves alternatively that should the Board’s appeal be maintained the case should be remanded to the trial court to determine the amount and require the posting of a suspensive appeal bond.
Suit was originally filed by the Fund alone to nullify a judgment taken by appellee against Dr. Leonard Weather, Jr. On March 4, 1996, appellee filed an exception of no right of action to the Fund’s petition. On March 29 two events occurred, first, the trial court conducted a hearing on appellee’s exception, and, second, the Fund amended its petition to add as an additional plaintiff the Board. On April 29 appellee filed an exception of no right of action to the amended petition of the Fund and the Board.
On September 9, the trial court, referring to the hearing held on March 29, signed a judgment sustaining appellee’s exception and dismissing the Fund’s suit. On September 18 the Fund filed a motion for new trial and on September 24 the trial court denied the motion.
On October 11 the trial court conducted a hearing on the exception of no right of action filed by the Board and on November 21, 1996, the court signed |3a judgment sustaining the exception and dismissing the Board’s intervention on the issue of liability. The court noted that the previous judgment had already disposed of the suit against the Fund.
On December 19, 1996, the Fund and the Board took an appeal from the judgment signed on November 21. No appeal was ever taken from the judgment of September 9 dismissing the Fund’s suit which judgment became final on September 24 when the trial *866 court denied the Fund’s motion for a new trial. This judgment became final when the delay of sixty days ran for a devolutive appeal. C.C.P. art. 2087. Consequently, the appeal taken by the Fund on December 19 was too late and appellee’s motion to dismiss the Fund’s appeal is granted.
As to the Board its appeal was timely. However, the issue is whether it has properly taken a suspensive appeal. The Board contends that it is exempt from" posting a sus-pensive appeal bond pursuant to R.S. 13:4581, but in Rodriguez v. Louisiana Medical Mut. Ins., 618 So.2d 390 (La.1993), the court rejected this argument. When no sus-pensive appeal bond is posted the court may dismiss the appeal as suspensive, but maintain it as devolutive. However, the order for the suspensive appeal signed on January 30, 1997, by the trial court .erroneously stated that R.S. 13:4581 exempts the Board from posting a suspensive appeal bond. Under these, circumstances we have resolved to provide the Board with the opportunity to post a suspensive appeal bond and save its suspen-sive appeal.
The amount of the bond must be set by the trial court. C.C.P. art. 2124 B(3). However, a remand is not necessary because the trial court has jurisdiction over this matter even though the appeal is pending in this court. C.C.P. art. 2088(5). Appellee may file a motion in the trial court to have the amount of the bond fixed .and to have a deadline set for the Board to post its |4bond as a condition for maintaining its appeal as a suspensive appeal bond.
Accordingly, the motion to dismiss the appeal of the Fund is granted, but the motion to dismiss the appeal of the Board and the motion to remand the Board’s case to the trial court are denied.

MOTIONS GRANTED IN PART.